**TEXAS VOA ELDERLY HOUSING, INC., Appellant,**

v.

**MONTGOMERY COUNTY APPRAISAL DISTRICT,** Appellee.

No. 09–98–304 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 4, 1999.

Decided April 29, 1999.

Laurellen E. Ratliff, William Ikard, Cara Lacy, Julie Ashton, Popp & Ikard, Austin, for appellant.

Joseph T. Longoria, Robert Mott, Perdue Brandon Fielder Collins & Mott, LLP, Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

This is an ad valorem tax case for the tax years 1993, 1995 and 1996 challenging the denial of Texas VOA Elderly Housing, Inc.'s (Texas VOA) application for a charitable exemption under TEX. TAX CODE ANN. §§ 11.18(d)(3), 11.18(d)(13) (Vernon Supp. 1999). Texas VOA originally filed a motion for summary judgment requesting the trial court decide as a matter of law that Texas VOA be granted the exemption. The Montgomery County Appraisal District (MCAD) subsequently filed its motion for summary judgment. Texas VOA responded and asked its prior motion for summary judgment not be considered. The trial court granted MCAD's summary judgment motion alleging Texas VOA failed to meet the standard as a charitable organization because the Texas VOA did

not provide any facilities or services for health, social and educational purposes for elderly taxpayers and did not provide admission to its facilities to elderly citizens without regard to their ability to pay.

Texas VOA presents three issues: is there a genuine issue of fact as to one or more essential elements of the cause of action; does Texas VOA meet the statutory requirements of Tax Code § 11.18(f) [1]; does the summary judgment proof establish that Texas VOA is not entitled to a charitable exemption as a matter of law?

The property in question is known as the Harvestwood Apartments, which is owned by Texas VOA, a subsidiary of Volunteers of America National Housing (VOA National Housing). Both Texas VOA and VOA National Housing are religious, charitable organizations qualified under Section 501(c)(3) of the Internal Revenue Code. Harvestwood receives rent subsidies from the Department of Housing and Urban Development.

MCAD's summary judgment evidence consisted of an affidavit from their deputy chief appraiser, accompanied with several exhibits. The affiant stated he had inspected the property and there were no social, health care or educational facilities provided by Texas VOA, but Texas VOA coordinated with private or governmental entities if a tenant required such services, at the expense of the tenant. He further stated the dissolution clause in the Texas VOA's articles of incorporation demises the property to the Department of Housing and Urban Development.[2] He further

---

1. The version of Tax Code § 11.18(f)(2)(A) in effect during the years of this lawsuit read:

   (f) A charitable organization must, by charter, bylaw, or other regulation adopted by the organization to govern its affairs:

   . . . .

   (2) direct that on discontinuance of the organization by dissolution or otherwise:

   (A) the assets are to be transferred to this state or an educational, religious, charitable, or other similar organization that is qualified as a charitable organization under Section

   501(c)(3), Internal Revenue Code of 1986, as amended; or
   TEX. TAX CODE ANN. § 11.18(f)(2)(A) (Vernon 1992).

2. Article VII(d) of Texas VOA's articles of incorporation states:

   "In the event of the dissolution of the Corporation or the winding up of its affairs, or other liquidation of its assets, the Corporation's property shall not be conveyed to any organization created or operated for profit or to any individual for less than the fair market

stated that Harvestwood's tenant selection criteria cannot serve as a basis for granting a charitable organization exemption.

Texas VOA presented the affidavit of the vice-president/chief operating officer of VOA National Housing. This affiant states the tenants are provided with access to services and activities designed to assist them with their health and social needs. He further states that although the dissolution clause in the articles of incorporation allows for the transfer of the property to HUD, a regulatory agreement between HUD and Texas VOA allows HUD to then transfer the property to another non-profit agency designated by Texas VOA or HUD. He further states that no tenant has ever been turned away because they could not afford to pay rent.

■ We resolve this case under the second issue presented by Texas VOA. The version of Tax Code § 11.18(f)(2)(A), in effect during the years of this lawsuit, required that a charitable organization must by charter, bylaw, or other regulation adopted by the organization to govern its affairs direct that on discontinuance of the organization by dissolution or otherwise: (A) the assets are to be transferred to this state or an educational, religious, charitable, or other similar organization that is qualified as a charitable organization under Section 501(c)(3), Internal Revenue Code of 1986, as amended. TEX. TAX.CODE ANN. § 11.18(f)(2)(A) (Vernon 1992).

■ Laws governing exemptions must be interpreted in their narrowest and strictest sense, and all doubts must be resolved against the granting of the exemption. *Willacy County Appraisal Dist. v. North Alamo Water Supply Corp.*, 676 S.W.2d 632, 639 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In accordance with a narrow and strict construction, the statutory provision requires a direct transfer of the assets upon dissolution or discontinuance, yet Texas VOA's by-law provisions provide that in the event of dissolution, the assets may be conveyed to any for-profit organization or individual so long as the conveyance is for fair market value and all assets remaining are conveyed or distributed to a similar organization; provided the corporation shall, at all times, have the power to convey the property to HUD. This is almost exactly like the dissolution provision in *Mission Palms Retirement Housing, Inc. v. Hidalgo County Appraisal Dist.*, 896 S.W.2d 819 (Tex.App.—Corpus Christi 1995, no writ).[3] A strict construction of Section 11.18(f)(2)(A) requires that a charitable organization's articles of incorporation must restrict the possible distributees of its assets upon dissolution. When this exemption was sought, the statutory list of approved distributees included only the State of Texas and certain educational, religious, charitable, or other similar organizations. HUD did not fall within this category.

value of such property, and all assets remaining after the payment of the Corporations's debts shall be conveyed or distributed to an organization or organizations created and operated for nonprofit purposes similar to those of the Corporation, other than one created for religious purposes: PROVIDED, however, that the Corporation shall at all times have the power to convey any or all of its property to the Secretary of Housing and Urban Development."

**3.** The provision in that case provided, "In the event of the dissolution of the Corporation or other discontinuance or winding up of its affairs, or other liquidation or conveyance of its assets, the Corporation's property shall not be conveyed to any organization created or operated for profit or to any individual for less than the fair market value of such property, and all assets remaining after payment of the Corporation's debts shall be conveyed or distributed only to another nonprofit corporation which is organized for an educational or charitable purpose and is at that time exempt under Section 501(c)(3) of the Internal Revenue Code other than one created for religious purposes, PROVIDED, however, that the Corporation shall at all times have the power to convey any and all of its property to the Secretary of Housing and Urban Development in satisfaction of any indebtedness to the Secretary of Housing and Urban Development." *Id.* at 820.

Under its articles of incorporation, Texas VOA did not ensure that only appropriate distributees would receive its assets. As a prerequisite to the tax exemption, TEX. TAX.CODE ANN. § 11.18(f)(2)(A) (Vernon 1992), demands that all charitable organizations accept this obligation as part of their governing regulations. Texas VOA did not met this requirement. The trial court was correct in denying the exemption on this basis alone, therefore, we need not address the other bases on which the exemption could have been denied.

The judgment is AFFIRMED.